T.C. Summary Opinion 2007-11

UNITED STATES TAX COURT

JORGE MALIABO BALUMBA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5501-06S.               Filed January 18, 2007.

Jorge Maliabo Balumba, pro se.

<u>Roger W. Bracken</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,648 deficiency in petitioner's 2004 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to deductions for dependency exemptions; (2) whether petitioner is entitled to a child tax credit; (3) whether petitioner qualifies as a head of household; and (4) whether petitioner is entitled to an earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Silver Spring, Maryland.

From January through May 2004, petitioner lived in Gaithersburg, Maryland, with his mother, his aunt, and six siblings. Petitioner worked during 2004, as did his mother, his aunt, and one of his sisters. Petitioner earned $11,015, and his mother earned approximately $13,000. The record does not disclose how much petitioner's aunt or sister earned. The four family members who worked each contributed toward the family's monthly expenses, such as food, clothing, mortgage, and utility costs.

On or about June 1, 2004, petitioner moved to Washington, D.C. Petitioner rented a room with his girlfriend, Hafiza Olatunde, and continued to live there until sometime in 2005.

Petitioner's mother, aunt, and siblings remained in Gaithersburg during this time.

Petitioner filed his 2004 Federal income tax return as a "head of household". He also claimed deductions for dependency exemptions, child tax credits, and an earned income credit with respect to two of his sisters, FM and MM.[1] Respondent issued petitioner a notice of deficiency in February 2006 denying the claimed deductions and credits. Respondent also changed petitioner's filing status to single.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate

---

[1] The Court uses only the minor children's initials.

items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

## I. Deductions for Dependency Exemptions

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test. Secs. 151 and 152. If the individual fails any of these tests, he or she does not qualify as a dependent.

For a claimed dependent to satisfy the support test a taxpayer generally must provide more than half of the claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). The taxpayer must initially demonstrate, by competent evidence, the total amount of the support furnished by all sources for the taxable year at issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971); Cotton v. Commissioner, T.C. Memo. 2000-333. If the total amount of support is not established, then it is generally not possible to conclude that the taxpayer provided more than half of the support to the claimed dependent. Blanco v. Commissioner, supra at 514-515; Cotton v. Commissioner, supra. Support includes "food,

shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner credibly testified that he contributed money toward his family's expenses.  Petitioner failed, however, to establish the total amount of support that FM and MM received in 2004 or the amount of support that he provided.  Accordingly, petitioner has not demonstrated that he provided more than half of FM's or MM's support.  See Blanco v. Commissioner, supra at 514-515.

Petitioner contends that he and his mother agreed that petitioner would be financially responsible for FM and MM. Petitioner therefore believes he should be able to claim FM and MM as dependents.  Although it is not entirely clear, petitioner may be arguing that there was a multiple support agreement with respect to FM and MM.

Section 152(c) provides:

> SEC. 152(c).  Multiple Support Agreements.--For purposes of subsection (a), over half of the support of an individual for a calendar year shall be treated as received from the taxpayer if—
>
> > (1) no one person contributed over half of such support;
> >
> > (2) over half of such support was received from persons each of whom, but for the fact that he did not contribute over half of such support, would have been entitled to claim such individual as a dependent for a taxable year beginning in such calendar year;

>      (3) the taxpayer contributed over 10 percent
> of such support; and
>
>      (4) each person described in paragraph (2)
> (other than the taxpayer) who contributed over 10
> percent of such support files a written
> declaration (in such manner and form as the
> Secretary may by regulations prescribe) that he
> will not claim such individual as a dependent for
> any taxable year beginning in such calendar year.

Petitioner has failed to demonstrate that no one person contributed over half of the support for FM or MM in 2004. Furthermore, neither petitioner's mother nor any other member of his family filed a written declaration allowing petitioner to claim FM or MM as a dependent. Accordingly, we conclude there was no multiple support agreement with respect to FM or MM. See sec. 152(c)(1), (4). Petitioner therefore is not entitled to the claimed deductions, and respondent's determination is sustained.

II.  Child Tax Credits

Section 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer". The term "qualifying child" means any individual if three requirements are met, one of which is that the taxpayer be allowed a deduction under section 151 with respect to such individual for the taxable year. Sec. 24(c)(1). Because we conclude that petitioner is not entitled to a dependency exemption deduction with respect to FM or MM, they are not

qualifying children and petitioner is not entitled to child tax credits.  Respondent's determination is sustained.

III.  Head of Household

Section 1(b) imposes a special income tax rate on a taxpayer filing as head of household.  To qualify as a head of household the taxpayer must, inter alia, maintain as his or her home a household that is the principal place of abode for an individual who qualifies as the taxpayer's dependent under section 151. Sec. 2(b)(1)(A)(ii); Toney v. Commissioner, T.C. Memo. 2004-165. Because we conclude that neither FM nor MM qualifies as petitioner's dependent under section 151, he is not entitled to head-of-household filing status.  Respondent's determination is sustained.

IV.  Earned Income Credit

Subject to limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income.  Sec. 32(a)(1).  Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".  A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).

To satisfy the residency test, the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Sec. 32(c)(3)(A)(ii).  As mentioned

above, petitioner resided with Ms. Olatunde in Washington, D.C., for the last 7 months of 2004. Accordingly, petitioner's residence was not FM's or MM's principal place of abode for more than one-half of the taxable year. Petitioner therefore is not entitled to an earned income credit, and respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.